JUSTICE NELSON
specially concurs:
¶18 I concur in the result of our Opinion, although I would reach that result in a different manner on the basis of various sentencing, revocation and dispositional orders in the record.
¶19 The trial court’s original sentence dated February 13, 1991, deferred Welling’s sentencing for five years. Under § 46-18-201(2), MCA (1989), six years was the maximum deferral allowed. Accordingly, the six years would have run February 12, 1997. The court’s January 11, 1996 Disposition revoked the first deferred and reinstated a deferral for six years-again, the maximum under § 46-18-201(3), MCA (1995). Theoretically, this was permissible for the reasons set out hereafter. This new six-year period would have run January 10, 2002.
¶20 The next petition to revoke was timely filed in December 2001 (§ 46-18-203(2), MCA (2001)). In the court’s April 4, 2002 Dispositional Order on that petition, the court found that Welling violated the terms of her deferred imposition of sentence; and that “[Welling] stated no legal reason why sentence should not be pronounced....” The court then stated that Welling’s deferred imposition of sentence was “extended” for two years and that the “reason for this sentence is ... mitigating circumstances....” Assuming the validity of the additional two years, that means the new deferred sentence would have run April 3, 2004.
*72 ¶21 While we may disagree as to the effect of the unartful language used by the trial judge-i.e., whether he actually “revoked” her deferred or not and then, imposed a “sentence,” but putting the best spin on its language from the court’s standpoint-what the court did was to effectively revoke Welling’s deferred status and then once again defer imposing a sentence for two years.
¶22 Next, it is necessary to focus on § 46-18-203(7)(a), MCA (2001), which provides:
If the judge finds that the offender has violated the terms and conditions of the suspended or deferred sentence, the judge may:
(i) continue the suspended or deferred sentence without a change in conditions;
(ii) continue the suspended sentence with modified or additional terms and conditions;
(iii) revoke the suspension of sentence and require the offender to serve either the sentence imposed or any lesser sentence; or
(iv) if the sentence was deferred, impose any sentence that might have been originally imposed.
¶23 Applying § 46-18-203(7)(a), MCA (2001), ifthe trial courtfinds that the defendant violated the terms of the deferred sentence-which undisputedly the judge did here — then his options are limited. Under subsection (7)(a)(i) he could continue the deferred sentence without a change in conditions. The court did not do this in Welling’s case. Rather, it “extended” the deferred by two years. Subsections (7)(a)(ii) and (iii) apply only to suspended sentences. And under subsection (7)(a)(iv) the judge could impose any sentence that might have been originally imposed.
¶24 Setting aside the fact that “deferring’’ sentencing is not imposing a sentence, but rather, setting that off to another time-§ 46-18-201(1), MCA, allows the judge, as one of the statutorily authorized sentences, to defer imposition of sentence for various periods of time. In other words, the judge could revoke one deferred sentence and impose another deferred sentence (as did the Judge in 1996). There is, however, no authority in the code that allows the judge to “extend” the term of an existing deferred sentence as a permissible result of finding that the defendant violated the terms of his or her prior deferral. This is especially trae where the “extension” would extend the deferral beyond the six-year maximum allowed by law.
¶25 Accordingly, we must resolve this case in one of two ways: (a) either we must conclude that the judge revoked Welling’s 1996 deferred and then reimposed a second two-year deferred-in which case the prohibition against revocation in § 46-18-203(6), MCA, would become applicable with the result that the judge improperly revoked Welling’s *73 probation; or (b) we must conclude that in extending an existing deferred, the judge entered an illegal sentence-in which event the sentence must be vacated. In either case, since Welling had made a good faith attempt to pay restitution and since the deferral time has now run well past the six years allowed by law as a result of the January 1996 deferral, the State can no longer petition to revoke. Section 46-18-203(2), MCA.
¶26 For these reasons the judgment against Welling must be reversed and the proceedings against her dismissed. Our Opinion having reached that same result, I concur.
CHIEF JUSTICE GRAY joins in the foregoing special concurrence.